Page 1

In the United States District Court

District of South Carolina

Florence Division


Daniel Barnett,
    plaintiff,

V.                          # 4:23-cv-00294-JD-TER

Florence County, South Carolina, Florence County
Sheriff's Office, Florence County Detention
Center, Florence County Sheriff T. J. Joye,
Anderson Beane, Scott Brown, Darrin Yarborough,
Christopher Owens, Chase McDaniel, & Ben Price,
    defendants.


Deposition of:  Ben Price

Location:  181 East Evans Street,
           Florence, South Carolina

Date:  Monday, May 20th, 2024

Time:  8:58 a.m. - 11:40 a.m.

Court Reporter:  Roger R. Williamson


The deposition is taken pursuant to notice

and/or agreement, in the above-entitled cause

pending in the above-named court and pursuant to

the Federal Rules of Civil Procedure.


Q & A COURT REPORTING SERVICES
Post Office Box 4563 (29502)
181 E. Evans St., Suite 203 (29506)
Florence, South Carolina
Telephone:  (843) 673-9845
E-mail:  info@qacourtreportingonline.com

County in this case that would have to have a license?

A   I -- and just for clarification, are you talking about the software license?

Q   Yes, sir.

A   That has to be licensed to the department.

Q   Okay.  By the vendor, I guess?

A   By Cellebrite.

Q   Okay.  And how about the -- the actual person that uses it, do they have to be licensed?

A   They have to be certified.

Q   Okay.  By who?

A   By Cellebrite.

Q   Okay.  In order to use it?

A   Correct.

Q   Is that a requirement of Cellebrite software license or do you know?

A   I'm not really sure if it is.  I would presume so.

Q   Okay.  The -- the password to getting someone's phone -- or pass code, do you have a way to obtain that if they don't give it to you?

Page 41

A    At that point in time, no.

Q    Okay.

A    So if your client would have not given someone the pass code to the phone, then at that point in time, we would have not been able to get into the phone at all.

Q    Okay.  How about now?

A    At this point in time, depending on the phone model, we do have that capability.

Q    Okay.  Is that through cell -- cell -- is it Cellebrite or Cellebrite?

A    Cellebrite.

Q    Cellebrite?

A    It's commonly mispronounced because there's an E after the two L's.  So a lot of people say Cellebrite because they're used to saying cell phone, but it's actually Cellebrite.

Q    Okay.  Does Cellebrite provide that technology to -- to access someone's phone without the pass code or some other vendor?

A    They do.  They do have that service. We don't have that -- the Florence County Sheriff's Office does not pay for that service. We have a different service that we use.

Q    What's the name of that service?

Page 55

Q    Okay.

A    If I'm looking at all.  Because again, it could be just the operator portion where if they have a search warrant, then we can give them data and they can -- you know, if they're looking for specific text messages, for instance, that they could look for that themselves.

Q    Okay.  And your response you've given me, would that be your response in today's time?

A    Yeah.  That's --

Q    What about in 2021 when my client was arrested?  How --

A    We -- we'd still need a case number and we'd still need a form of either consent or a search warrant.

Q    Okay.  Do you recall having any conversation about my client's phone where you asked for consent or a form or a case number or a warrant?

A    It would've been covered in the search warrant that Investigator Owens procured.

Q    And is that an assumption you're making or did you read the warrant?

A    It wouldn't be an assumption.  There was electronic devices in the search warrant.

Q    Okay.  So then and now it wouldn't take any particular supervisory level to make the request.  It could be any officer?

A    Correct.

Q    Okay.  Is there a written policy on this?

A    Again, I don't believe that we have -- I -- I can't recall if we have one particularly regarding that.

Q    Did the software manufacturer or company Cellebrite -- first off, is that the name of the company?

A    It's Cellebrite.  I'm not sure of their entire entity name.

Q    Okay.  Do they require any kind of use of forms or -- or the request or the performance of data extraction from electronic devices?

A    Not to my knowledge.

Q    Okay.  Is there any policy or practice of -- of requesting permission from the owner of a device before it's invaded -- electronically invaded?

Page 65

A    If it's not my case.

Q    Okay.  Was there anything that you found on my client's phone that you recall that was utilized in the investigation of the charges against him?

A    If I remember, there were some screen shots of where he had taken some screen shots of social security information from -- I don't know.  I guess, from some other computer and had communication with the guy that was at the D.M.V. and then communication with a SLED agent.

Q    Okay.  There were some screen shots taken?

A    They were saved in his phone.  Yes.

Q    They were saved in his phone?

A    Yeah.

Q    Okay.  So did you download those screen shots anywhere?

A    They were all downloaded as a part of the -- the extraction.

Q    So when the extraction was had and it was downloaded to this drive, did you use this Cellebrite software then to look for things on his phone or were y'all just using his phone

Page 113

The Deponent:  Obviously, yes.  I'm not.

By Mr. Moss:

Q    Were you aware prior to today that my client was a class one law enforcement officer at the time he was arrested?

A    I can't say that I was.

Q    Okay.  Let me show you what's been marked as 10 and 11.

Court Reporter:  Should be 8.

Mr. Moss:  -- 10, 11. Plaintiff's -- I skipped -- for the record, I skipped eight and nine because this witness has testified he had no knowledge of those two documents.  I'll -- I'll mark them for completeness, but I'm skipping them in my outline.  This is 10 and 11.

(Plaintiff's exhibits numbers 10 and 11 marked for identification.)

Mr. Moss:  I'm going to hand them both to you.  Take a moment and look at them. And I'm going to submit to you, there are -- there are two exhibits, but there's four documents.  So take your time and familiarize yourself.

Page 114

The Deponent:  Okay.

By Mr. Moss:

Q    Do you recognize these documents?

A    Yes.

Q    What are they?

A    They are --

Q    Let's start with plaintiff's 10.

A    So that is -- the top page, which is RFP-00757 is the certified operator certificate from Cellebrite.

Q    Okay.  It looks like you went to Augusta, Georgia to take this class, right?

A    Yes.

Q    And it was awarded in '19; is that right?

A    April 16th, 2019.

Q    Okay.  Is that consistent with your memory of about when you became trained by Cellebrite?

A    Yeah, I -- originally, I thought it was 2018.  It was 2019.

Q    Okay.  Is this certification required by anyone in law enforcement before you can use this tool or is it required simply by the software manufacturer or vendor?

Page 115

A    It's by the -- by Cellebrite.

Q    Okay.  It's not a requirement Florence County Sheriff's Offices or SLED or S.C.C.J.A.?

A    I don't believe that it is.

Q    Okay.  All right.  The second page is what?

A    Which is RFP-00755, is the re-certification done on 30 December of 2021.

Q    And has a remark here that you did that online.  Is that consistent with your memory?

A    Correct.

Q    What's required to re-certify?

A    You -- it's basically an online class through their -- their company with videos and just updates to their software.

Q    Okay.  And this one is for the operator class, right?

A    That's correct.

Q    And what's -- what's -- what's different from the operator certification and from the analyst certification?

A    So again, the operator is just to operate the machinery, to do the extraction and