STATE OF SOUTH CAROLINA   )

  )               LAW ENFORCMENT

  )    ASSISTANCE AND SUPPORT AGREEMENT

COUNTY OF DARLINGTON    )

---

This agreement is made and entered into this _28ᵗʰ_ day of _FEBRUARY_ , 2017, by and between the Darlington County Sheriff's Office, 1621 Harry Byrd Highway, Darlington, SC 29532 and the Florence County Sheriff's Office, 6719 Friendfield Road, Florence, SC, 29541.

WHEREAS, as created on _June 3ʳᵈ_ , 2017, South Carolina Code Ann. Section 23-20-10, et seq., provides for contractual agreements between and among state, county, municipal and local law enforcement agencies for the purpose of providing the proper and prudent exercise of public safety functions across jurisdictional lines;

WHEREAS, the Darlington County Sheriff's Office desires to enter into such an agreement with the Florence County Sheriff's Office for the purposes securing each other the benefits of mutual aid in the event of natural disaster, disorder, special events, emergency situations, and any other law enforcement activities;

WHEREAS, the purpose of this Agreement is to define the scope of such mutual aid and the responsibilities of the parties; and,

WHEREAS, during these activities, it is possible that law enforcement officers will respond to, become involved with, and/or deal with emergency situations, civil disorders, arrests, natural or manmade disasters, pursuits of criminal suspects, location of missing persons, criminal investigations, and/or any other matter handled by law enforcement, and the agency requesting agency desires replying agency's officers to have lawful authority and jurisdiction to respond to, become involved with, and/or deal with these or any other situations which may arise during the presence of responding officers in the requesting agency's jurisdiction.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, it is the intent of the parties to share jurisdiction under this written Agreement to the fullest extent permitted under South Carolina law and it is further agreed as follows:

1. VESTING AUTHORITY AND JURISDICTION
   To the fullest extent permitted by the Constitution and the statutes of this State, officers assigned under the Agreement shall be vested with authority, jurisdiction, rights, immunities, and privileges outside his resident jurisdiction for the purpose of investigation, arrest, or any other activity related to the criminal activity for which the agreement is drawn. This Agreement is in no way intended to effect any other multi-jurisdictional agreement(s) which may exist between the agencies. The assistance to be rendered pursuant to this Agreement shall solely involve responding law enforcement officers from the one party's jurisdiction to the other. When so responding, such law enforcement officers shall have all powers and authorities of law enforcement officers

1

employed by the requesting jurisdiction. However, local ordinances adopted by a responding party's jurisdiction shall not be deemed extended into areas of operation that are located outside the geo-polictical territorial limits of that party.

2. REQUEST FOR ASSISTANCE
The responding law enforcement officers may be requested in response to any public safety function across jurisdictional lines, such as multi-jurisdictional task forces, criminal investigations, patrol services, crowd control, traffic control and safety, and other emergency service situations. Assistance provided in this Agreement includes, but is not limited to:

   A. Emergency Situations;
   B. Civil Disorders;
   C. Natural or Manmade Disasters;
   D. Mass Processing of Arrests;
   E. Transporting of Prisoners;
   F. Operating Temporary Detention Facilities & Housing Inmates;
   G. Arrests;
   H. Pursuits of Criminal Suspects;
   I. Location of Missing Persons;
   J. Traffic Control and Safety;
   K. Criminal Investigations; or
   L. Any Other Matter Handled by Law Enforcement for that Particular Jurisdiction.

3. PRIMARY RESPONSIBILITY
It is agreed and understood that the primary responsibility of the parties to this Agreement is to provide law enforcement services within the geographical boundaries of their respective jurisdictions. Therefore, it is agreed that the law enforcement agency whose assistance is requested shall be the sole judge as to whether or not it can respond and to what extent it can comply with the request for assistance from the other agency.

4. PROCEDURE FOR REQUESTING LAW ENFORCEMENT ASSISTANCE

   A. Request.  A request for assistance shall only be made by the **Sheriff** of Darlington County, or his/her designee, or the, **Sheriff** of Florence County Sheriff's Office or his/her designee. This request shall include a description of the situation creating the need for assistance, the specific aid needed, the approximate number of law enforcement requested, the location to which law enforcement personnel are to be dispatched, and the officer in charge of such location.

   B. Reply. A reply to any request for assistance shall only be made by the **Sheriff** of Darlington County, or his/her designee, or the, **Sheriff** of Florence County Sheriff's Office or his/her designee. If the request is granted, the requesting law enforcement agency shall be immediately informed of the number of law enforcement officers to respond.

    C. <u>Officer in Charge.</u> The responding law enforcement officers shall report to the officer in charge of the requesting law enforcement agency at the designated location and shall be subject to the lawful orders and commands of that officer. The responding law enforcement officer shall exert their best efforts to cooperate with, and aid, the requesting law enforcement agency. The responding law enforcement officers shall be responsible at all times for acting within the policies and procedures set forth in the policy and procedure manual of the law enforcement agency by which they are regularly employed.

    D. <u>Release.</u> The responding law enforcement officers shall be released by the officer in charge when their services are no longer required or when they are needed to respond to a situation within the geographic boundaries of their own jurisdiction; provided however, the responding law enforcement officers shall use their best efforts to complete the requested service to being released.

5. PERSONNEL, COSTS AND RECORDS

Except as otherwise agreed among the parties, each party shall maintain control over its personnel. Except as otherwise provided herein, each party shall bear its own costs incurred in the performance of its obligations hereunder, and shall keep its own personnel and other usual records as to its assigned officers.

Any and all records of law enforcement activities conducted pursuant to this Agreement shall be the property of and maintained by the agency conducting the activity, including any incident reports, citations, photographs, or other images captured on any photographic or digital media. Nothing contained herein prohibits or precludes any participating agency from making or maintaining a copy of any such records referenced above.

6. REQUESTS FOR INFORMATION PURSUANT TO THE SOUTH CAROLINA FREEDOM OF INFORMATION ACT

Upon receipt, each agency participating in this Agreement must respond to requests for information pursuant to the South Carolina Freedom of Information Act.

7. COMPENSATION

This Agreement shall in no manner affect or reduce the compensation, pension, or retirement rights of any responding officer. Except as otherwise agreed, each party shall bear its own costs and expenses incurred in complying with this Agreement.

8. INSURANCE

Each party shall maintain such insurance coverage for general liability, worker's compensation, and other such coverage as may be required by law or deemed advisable by individual parties.

9. EMPLOYMENT STATUS

Nothing herein shall be construed or interpreted to imply that the law enforcement officers responding in accordance with this Agreement shall be employees of the law enforcement agency requesting such assistance.

3

10. MODIFICATION OR AMENDMENT
This Agreement shall not be modified, amended, or changed in any manner except upon written consent of the parties to this Agreement.

11. RESPONSIBILITY TO RESPECTIVE GOVERNING BODIES
Each party is responsible for any approval requirements to their respective governing body as may be required under South Carolina law.

12. SEVERABILITY
Should any part of this Agreement be found to be unenforceable by any court or other competent authority, then the rest shall remain in full force and effect.

13. BINDING SUCCESORS IN OFFICE
All parties agree that any and all successors in interest to their offices will be similarly bound by the terms of this agreement without necessitating execution of any amendment.

14. NO INDEMNIFICATION OR THIRD PARTY RIGHTS
To the extent provided by law, the parties shall be solely responsible for the acts and omissions of their respective employees, officers, and officials, and for any claims, lawsuits and payment of damages that arise from activities of its officers. No right of indemnification is created by this agreement and the parties expressly disclaim such. The provisions of this agreement shall not be deemed to give rise to or obligations in favor of any rights or obligations in favor of any party or entity not a party to this agreement.

15. TERMINATION
This Agreement shall be terminated at any time upon written notice to the other party to this Agreement.

16. TERM AND RENEWAL
This Agreement is effective as to each party at the date and time of signing and will automatically renew each anniversary date, year to year, and term to term unless a party exercises its right to terminate as further described herein.

17. USE OF EQUIPMENT AND FACILITIES
Each party shall be responsible for the maintenance of its own equipment and shall be responsible for the procurement of facilities unless otherwise agreed upon by the parties.

IN WITNESS WHEREOF, these parties have set their hands and seals at the date set forth above.

**DARLINGTON COUNTY SHERIFF'S OFFICE**          **WITNESSES**

_____          _____
Tony Chavis, Sheriff                                              Witness


**FLORENCE COUNTY SHERIFF'S OFFICE**

_____          _____
Kenny Boone, Sheriff                                          Witness

5