IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DANIEL BARNETT, | ) | Civil Case No. 4:23-00294-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| FLORENCE COUNTY, SOUTH . | ) | |
| CAROLINA, FLORENCE COUNTY | ) | |
| SHERIFF'S OFFICE, FLORENCE | ) | |
| COUNTY DETENTION CENTER, | ) | |
| FLORENCE COUNTY SHERIFF TJ | ) | |
| JOYE, ANDERSON BEANE, SCOTT | ) | |
| BROWN, DARRIN YARBOROUGH, | ) | |
| CHRISTOPHER OWENS, CHASE | ) | |
| McDANIEL, and BEN PRICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report" or "R&R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina (DE 47), concerning Defendants' Motion for Summary Judgment (DE 39) in this civil rights action. Plaintiff sued Defendants under 42 U.S.C. § 1983, and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, among other state-law claims, due to his arrest on February 11, 2021, and subsequent searches of his property by officers of the Florence County Sheriff's Office. (DE 1-1.) The Report recommends that the motion be granted as to Plaintiff's federal claims, the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining

1

state-law causes of action, and the claims be remanded to the Florence County Court of Common Pleas. (DE 47.)

## I.    BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

### A.    Factual Background

This action arises from Plaintiff's February 11, 2021, arrest in Florence County, South Carolina. At the time of the events at issue, Plaintiff was a part-time deputy with the Darlington County Sheriff's Office. (DE 39-1 ¶ 26.) The investigation leading to Plaintiff's arrest began on February 9, 2021, when Investigator Christopher Owens of the Florence County Sheriff's Office received a complaint from Plaintiff's then-girlfriend and a complainant that Plaintiff was impersonating a law enforcement officer by conducting traffic stops in Florence County. (*Id.* ¶ 3.) The complainant reported that Plaintiff was not employed as a law enforcement officer and that there were videos of several traffic stops. (*Id.*)

Later that day, Plaintiff's girlfriend provided a recorded statement to Investigator Owens and produced four videos depicting Plaintiff conducting traffic stops in Florence County between October and December 2020 while wearing civilian clothing and carrying a handgun. (DE 39-1 ¶¶ 5–8.) The videos show blue lights activated on a white Chevrolet Tahoe registered to Plaintiff. (*Id.* ¶¶ 8–9.) During the investigation, Florence County Sheriff T.J. Joye contacted multiple law enforcement agencies and was informed that Plaintiff was not employed by any of them at that

time. (DE 39-11 ¶¶ 4–6.) Plaintiff, however, presented evidence that he remained a part-time deputy with Darlington County through early January 2021. (DE 44-1 ¶ 7.)

Based on the information obtained during the investigation, Investigator Owens sought and obtained arrest warrants charging Plaintiff with impersonating a law enforcement officer and unlawful carrying of a handgun, as well as search warrants for Plaintiff's residence and property. (DE 39-5; 39-6.) Before executing the warrants, officers completed a Warrant Service Risk Assessment that resulted in a high-risk score, in part because Plaintiff possessed firearms, had prior law enforcement experience, and had conducted traffic stops while armed. (DE 39-7; DE 39-1 ¶ 12.)

Plaintiff was stopped while driving his vehicle and arrested pursuant to the warrants. During the arrest, members of the Florence County Sheriff's Office deployed an armored vehicle and approached Plaintiff with firearms drawn. Plaintiff contends that Sergeant Anderson Beane aimed a rifle at close range, used intimidating language, and forced him to the ground despite his compliance. Defendants contend that their weapons were displayed only briefly to secure the scene and that the force used was minimal. Plaintiff testified that he did not suffer physical injury during the arrest.

Officers searched Plaintiff's residence and vehicle under the warrants and seized various law-enforcement-related items and electronic devices, including a cellular telephone. (DE 39-1 ¶ 21.) The cellular telephone was later subjected to a forensic extraction. Plaintiff disputes that he consented to a search of the phone and

contends that certain items were seized outside the scope of the warrants and not listed on the return. The criminal charges against Plaintiff were subsequently dismissed at a preliminary hearing.

## B.     Procedural Posture

Plaintiff initiated this action by filing a Complaint in the Florence County Court of Common Pleas on October 22, 2022, asserting claims under 42 U.S.C. § 1983, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and various state-law causes of action. (DE 1-1.) Defendants removed the action to this Court on January 20, 2023, on the basis of federal-question jurisdiction. (DE 1.)

On July 25, 2025, Defendants filed a Motion for Summary Judgment. (DE 39.) Plaintiff filed a memorandum in opposition, and Defendants filed a reply. (DE 44, 45.) The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

## II.     REPORT AND RECOMMENDATION

On January 16, 2026, the Magistrate Judge issued the Report, recommending that Defendants' Motion for Summary Judgment be granted as to Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 and the Computer Fraud and Abuse Act. The Report also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action and remand those claims to the Florence County Court of Common Pleas. (DE 47.)

To begin, the Magistrate Judge concluded that Florence County is not a proper party because, under South Carolina law, sheriffs and their deputies are state officials rather than county employees, and Florence County therefore cannot be held

liable for their actions. The Magistrate Judge also determined that the Florence County Sheriff's Office and the Florence County Detention Center are not "persons" subject to suit under § 1983 and that the claims against the individual Defendants in their official capacities are barred by the Eleventh Amendment.

With respect to Plaintiff's Fourth Amendment claims, the Magistrate Judge found that Plaintiff's arrest and the searches of his property were conducted pursuant to facially valid warrants issued by a neutral magistrate. The Magistrate Judge considered Plaintiff's argument that the arrest warrants were invalid under *Franks v. Delaware*, 438 U.S. 154 (1978), based on the statement in the warrant affidavits that Plaintiff was not employed by a law enforcement agency. The Magistrate Judge concluded that, even assuming the statement was false, Plaintiff failed to demonstrate that the statement was necessary to the finding of probable cause because the evidence showed that Plaintiff lacked authority to conduct traffic stops in Florence County. Accordingly, the Magistrate Judge determined that Plaintiff failed to establish a constitutional violation arising from his arrest.

As to Plaintiff's excessive force claim, the Magistrate Judge analyzed the totality of the circumstances under *Graham v. Connor*, 490 U.S. 386 (1989), including the severity of the offenses, the potential threat to officer safety reflected in the Warrant Service Risk Assessment, and the absence of evidence that Plaintiff resisted arrest or attempted to flee. The Magistrate Judge concluded that the force used during the arrest was minimal and further determined that, in any event, Defendant Beane was entitled to qualified immunity because Plaintiff failed to identify clearly

established Fourth Circuit precedent holding that the alleged conduct violated the Fourth Amendment.

The Magistrate Judge also concluded that Plaintiff failed to establish a Fourth Amendment violation arising from the seizure and forensic examination of his cellular telephone and other electronic devices because those items were searched pursuant to a warrant authorizing the seizure of digital evidence, and the warrant sufficiently described the digital evidence to be seized. The Magistrate Judge determined that the question of Plaintiff's consent to search the phone was not material in light of the subsequent warrant.

Based on the same analysis, the Magistrate Judge recommended that summary judgment be granted on Plaintiff's CFAA claim, concluding that the undisputed evidence showed Defendants accessed the cellular telephone pursuant to a valid search warrant and therefore did not access the device "without authorization" under the statute.

The Magistrate Judge also concluded that several individual defendants were entitled to dismissal because Plaintiff failed to present evidence demonstrating their personal involvement in any alleged constitutional violation.

Having recommended dismissal of all claims over which this Court has original jurisdiction, the Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and remand those claims to state court.

### III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    OBJECTIONS

Plaintiff raises several objections to the Report and Recommendation. (DE 49.) Broadly construed, Plaintiff contends that the Magistrate Judge improperly resolved disputed facts in Defendants' favor at summary judgment, erred in recommending qualified immunity on the excessive force claim, improperly rejected Plaintiff's challenge to the arrest warrants under *Franks v. Delaware*, and incorrectly concluded that the search of Plaintiff's cellular telephone and resulting Computer Fraud and Abuse Act claim fail as a matter of law. The Court has conducted a de novo review of the portions of the Report to which Plaintiff specifically objects.

For the reasons discussed below, the Court concludes that the Magistrate Judge applied the correct legal standards and properly determined that Defendants are entitled to summary judgment on Plaintiff's federal claims.

## A.     Excessive Force

Plaintiff objects to the Magistrate Judge's recommendation that Defendant Beane is entitled to qualified immunity on Plaintiff's excessive force claim, arguing that the Report improperly resolved disputed facts and that, when the evidence is viewed in the light most favorable to Plaintiff, a reasonable jury could find the force used to be objectively unreasonable under *Graham v. Connor*, 490 U.S. 386 (1989). Plaintiff's objection largely rests on the contention that the Magistrate Judge improperly resolved factual disputes in Defendants' favor in violation of the summary judgment standard. *See Tolan v. Cotton*, 572 U.S. 650 (2014). The Court disagrees. The Report expressly evaluated the excessive force claim while viewing the facts in the light most favorable to Plaintiff and accepting Plaintiff's description of the arrest for purposes of summary judgment. (DE 47 at 14.) The Magistrate Judge therefore did not resolve credibility disputes or weigh competing evidence but instead concluded that, even accepting Plaintiff's version of events, Defendant Beane is entitled to qualified immunity as a matter of law.

The Court has conducted a de novo review of the record. Even accepting Plaintiff's version of the facts—that officers approached with multiple firearms drawn and Defendant Beane aimed a rifle at close range, used intimidating language, and forced Plaintiff to the ground despite his compliance—even assuming that Plaintiff's version of the events could support a constitutional violation, Plaintiff has not shown

8

that the alleged conduct violated a clearly established right at the time of the arrest. The Fourth Circuit has repeatedly recognized that officers may approach a suspect with weapons drawn and use force to secure a scene, particularly where the officers have reason to believe the suspect is armed or poses a potential threat. See, e.g., *United States v. Taylor*, 857 F.2d 210, 213–14 (4th Cir. 1988); *Gunsay v. Mozayeni*, 695 F. App'x 696, 699–701 (4th Cir. 2017). Plaintiff has not identified controlling authority holding that the conduct at issue—during the execution of a high-risk warrant supported by a Warrant Service Risk Assessment—constitutes excessive force in violation of the Fourth Amendment.

Because the law was not clearly established in the specific context of this case, Defendant Beane is entitled to qualified immunity. Accordingly, Plaintiff's objection on this ground is overruled.

**B.     Arrest Warrants and Probable Cause (*Franks*)**

Plaintiff next objects to the Magistrate Judge's conclusion that the alleged misstatement in the warrant affidavits regarding Plaintiff's law enforcement employment status was not material to the probable cause determination. Plaintiff contends that whether the statement was knowingly or recklessly false and whether a corrected affidavit would have supported probable cause present jury questions under *Franks v. Delaware*, 438 U.S. 154 (1978), and *Miller v. Prince George's County*, 475 F.3d 621 (4th Cir. 2007).

Upon de novo review, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate a *Franks* violation. Even assuming the challenged

statement was false and made with the requisite intent, the corrected affidavits would still establish probable cause for the charged offenses. The undisputed evidence reflects that Plaintiff conducted traffic stops in Florence County despite lacking authority to do so in that jurisdiction. In light of that evidence, the inclusion of Plaintiff's part-time status with another agency would not have altered the issuing magistrate's probable cause determination. *See Miller*, 475 F.3d at 628 (materiality turns on whether probable cause remains after the affidavit is corrected).

Because the warrants were supported by probable cause, Plaintiff's Fourth Amendment claims based on his arrest fail as a matter of law. This objection is, therefore, overruled.

**C.    Search and Seizure of the Cellular Telephone**

Plaintiff also objects to the Magistrate Judge's conclusion that the seizure and forensic examination of his cellular telephone did not violate the Fourth Amendment, arguing that the scope of the warrants, the extent of the forensic extraction, and the existence of consent are genuinely disputed.

The record reflects that the phone was searched pursuant to a warrant authorizing the seizure and examination of digital evidence. Where a search is conducted pursuant to a facially valid warrant issued by a neutral magistrate, it is ordinarily presumed reasonable and provides strong evidence that the officers acted in an objectively reasonable manner. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). For the reasons discussed above, Plaintiff has not established a *Franks* violation that would undermine the validity of the warrant. Accordingly, the search

10

was supported by lawful authority, and any dispute regarding consent is not material to the constitutional analysis.

Plaintiff's objection on this issue is overruled.

## D.     Computer Fraud and Abuse Act

Plaintiff further objects to the recommendation that summary judgment be granted on his CFAA claim, asserting that factual disputes regarding the validity and scope of the warrant preclude a finding that Defendants accessed the phone with authorization.

Because the Court has determined that the search of the cellular telephone was conducted pursuant to a valid warrant, Plaintiff cannot establish that Defendants accessed the device "without authorization" or exceeded authorized access within the meaning of the statute. *See* 18 U.S.C. § 1030. Accordingly, summary judgment was properly recommended on this claim, and this objection is overruled.

## E.     Remaining Defendants and Claims

Plaintiff does not raise specific objections to the Magistrate Judge's conclusions that Florence County is not a proper party, the Florence County Sheriff's Office and Florence County Detention Center are not "persons" subject to suit under § 1983, and the claims against the individual Defendants in their official capacities are barred by the Eleventh Amendment. The Court has reviewed those portions of the Report for clear error and finds none. Plaintiff also argues that missing forensic logs related to the cellular telephone extraction create a genuine dispute of fact. (DE 49 at 7–8.) This argument does not alter the summary judgment analysis. Plaintiff has neither moved for sanctions under Rule 37(e) nor demonstrated that the alleged loss of data creates

11

a genuine dispute of material fact regarding the lawfulness or scope of the search conducted pursuant to a warrant.

**F.      Supplemental Jurisdiction and Remand**

Finally, Plaintiff objects to the recommendation that the Court decline to exercise supplemental jurisdiction over his remaining state-law claims. Because the Court grants summary judgment on all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law causes of action. *See* 28 U.S.C. § 1367(c)(3). Remand of those claims to the Florence County Court of Common Pleas is appropriate.

**V.      CONCLUSION**

After a thorough review of the record in this case, applicable law, Report and Recommendation of the Magistrate Judge, and objections and reply thereto, the Court adopts the Report and Recommendation (DE 47) and incorporates it herein by reference.

Accordingly, Defendants' Motion for Summary Judgment (DE 39) is **GRANTED** as to Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3). Those claims are **REMANDED** to the Florence County Court of Common Pleas.

**IT IS SO ORDERED**.

Florence, South Carolina

Joseph Dawson, III
United States District Judge

March 17, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.